Bar Docket No. 11277

In the Matter of MICHAEL C. MORLAN, *Respondent.*

(849 P.2d 136)

On April 2, 1991, respondent Michael C. Morlan, of Dodge City, Kansas, an attorney admitted to practice law in the State of Kansas, was charged in Ford County District Court with possession of cocaine, marijuana, valium, and drug paraphernalia; aggravated burglary; aggravated assault; making a terroristic threat; assault; and criminal damage to property. On July 25, 1991, amended complaints were filed in respondent's criminal cases, charging him with attempted possession of cocaine and aggravated assault, class D felonies, to which respondent pled no contest. He was sentenced on October 11, 1991, to imprisonment for a term of 3 to 10 years. On February 27, 1992, these sentences were modified to a term of one to five years.

Respondent was suspended from the practice of law on May 26, 1992, for his failure to obtain required continuing legal education hours, Supreme Court Rule 801 *et seq.* (1992 Kan. Ct. R. Annot. 395).

In November 1992, respondent was released on parole from Ellsworth Correctional Facility but was reconfined in December 1992 for parole violations related to his substance abuse.

In a letter dated January 6, 1993, to the Clerk of the Appellate Courts, respondent Michael C. Morlan voluntarily surrendered his license to practice law in the State of Kansas, pursuant to Supreme Court Rule 217 (1992 Kan. Ct. R. Annot. 175).

This court, having reviewed the record of the Office of the Disciplinary Administrator, finds that the surrender of respondent's license should be accepted and that respondent should be disbarred.

IT IS THEREFORE ORDERED that Michael C. Morlan be and he is hereby disbarred from the practice of law in the State of Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Michael C. Morlan from the roll of attorneys licensed to practice law in the State of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein be assessed to the respondent, and that respondent forthwith shall comply with Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176).

Effective this 22nd day of January, 1993.